# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                    )
                                                )
TranLogistics LLC                               )        ASBCA No. 61574
                                                )
Under Contract No. M27100-17-P-6012             )

APPEARANCE FOR THE APPELLANT:          Hopewell H. Darneille III, Esq.
                                         Jackson Kelly PLLC
                                         Washington, DC

APPEARANCES FOR THE GOVERNMENT:        Craig D. Jensen, Esq.
                                         Navy Chief Trial Attorney
                                        Maj John E. Buis, USMC
                                         Associate Counsel
                                         Eastern Area Counsel Office
                                         Camp Lejeune, NC

## OPINION BY ADMINISTRATIVE JUDGE KINNER
## ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, TranLogistics LLC, requested reconsideration of the Board Rule 12.2 decision on August 29, 2018, which granted its appeal but awarded only a portion of the damages it sought.

TranLogistics submitted invoice 1368 as an "REA" to recover delay damages. The invoice requests payment for: "CLIN 0001 QTY: 6 DAYS DELAYED FOR CARRIERS 13,853.00" (app. exs. at 25, 109).[*] The decision did not award payment of this invoice because TranLogistics had not otherwise segregated the time and cost of the delay. Although TranLogistics argues the cost does not need to be segregated, it insists the decision is incorrect because demurrage was separately identified in its subcontractor's invoice (app. mot. at 5). On reconsideration, TranLogistics is correct that proof of the time and cost of demurrage is sufficiently established. In its invoice, the subcontractor calculated the period of delay for which it charged demurrage as:

> FREE TIME ENDS ON THURSDAY, SEPTEMBER 28,
> 2017. DELAYS DUE TO GOVERNMENT
> DOCUMENTATION AND UNFORSEEN

---

[*] In lieu of a Rule 4 submission, appellant submitted groups of documents identified as exhibits. Citations to the record refer to appellant's consecutively-numbered pages in the submission.

SITUATIONS.... DELIVERED DATE TO
GAUTELMALA [sic] AND BELIZE WEDNESDAY,
OCTOBER 4, 2017.

(App. exs. at 49) In addition to the subcontractor's invoice, TranLogistics asserts it informed the Marines that demurrage charges for Guatemala started at 9:40 AM on September 28, 2017, and for Belize at 9:40 AM on the following day (app. br. at 5 n.6). Support for that description can be found in the record (app. exs. at 43-46, 152). TranLogistics produced direct proof that September 28—October 4 are the days of compensable delay. *J.C. Equipment Corporation*, ASBCA No. 42879, 97-2 BCA ¶ 29,197 at 145,267 (Board accepted proof of damages in the form of invoices). The subcontractor's invoice charges $12,353 for the time between September 28 and October 4, 2017, due to delay of government documents and unforeseen situations (app. exs. at 109). Although the subcontractor provides no further explanation of the unforeseen conditions, such conditions are attributed to the delay period.

TranLogistics claims that the Marines were informed invoice 1368 represents demurrage charges, TranLogistics' related expenses and 12% profit (app. mot. at 2). It claims this calculation is in line with amounts the government had previously found to be reasonable (app. reply br. at 5). These assertions do not explain TranLogistics' pricing methodology. There is no evidence of the amount of profit included in the contract price, or that the government previously accepted this (app. exs. at 9, 49, 50, 220). A lack of supporting evidence could bar recovery of 12% profit. *Boland Marine & Manufacturing Co.*, ASBCA No. 28722, 86-2 BCA ¶ 18,957 (12% profit not recovered on inconclusive evidence of prior payments and different rates); *Radionics Inc.*, ASBCA No. 22727, 81-1 BCA ¶ 15,011 at 74,279 (no profit recovery when 12% rate not proven applicable to the contract). However, the $13,853 requested on invoice 1368 may still be recovered. Profit is customarily included in pricing a change order when the contractor has performed additional work. *United States v. Callahan Walker Construction Co.*, 317 U.S. 56, 61 (1942); *see Management & Training Corp. v. GSA*, GSBCA No. 11182 *et al.*, 93-2 BCA ¶ 25,814. The invoice requests reasonable payment for costs incurred from government delay, if not a precise calculation of TranLogistics' profit and expenses (profit of 12% on the subcontractor's charge (($12,353 x 0.12) + $12,353 = $13,835.36), leaves $17.64 for

2

its related expenses. Appellant recovers the full amount of invoice 1368. $13,853. That amount is in addition to the $2,329.50 awarded in the initial decision, plus interest under 41 U.S.C. § 7109 from November 9, 2017, the date the CO received the claim.

Dated: January 16, 2019

DONALD E. KINNER
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61574, Appeal of TranLogistics LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3